(41 Misc. Rep. 404.)

PEOPLE ex rel. A. HUPFEL'S SONS v. CULLINAN.

(Supreme Court, Special Term, New York County. September, 1903.)

1. LIQUOR TAX CERTIFICATE—SURRENDER—REBATE.
    Liquor Tax Law, § 34 (1 Laws 1897, p. 237, c. 312), provides that two convictions of an employé of the holder of a liquor tax certificate shall deprive the holder of any right to any rebate of any portion of the tax paid thereon. *Held*, that the holder of such certificate does not forfeit his right to such rebate by one conviction of his employé.

2. SAME—FORFEITURE OF RIGHT.
    Under Liquor Tax Law, § 25 (1 Laws 1897, p. 225, c. 312), providing that a person against whom no complaint or prosecution is pending may surrender his tax certificate and receive a rebate, does not prevent one, the door to whose premises had been left open on Sunday, from obtaining such rebate, where no complaint or prosecution in regard to such violation of the law was pending.

Application by the people, on the relation of A. Hupfel's Sons, for writ of mandamus to Patrick W. Cullinan. Writ granted.

Guggenheimer, Untermyer & Marshall, for relator.
H. H. Kellogg, for respondent.

GREENBAUM, J. The relator moves for a mandamus requiring the respondent to issue two orders—one on the State Treasurer, and the other on the comptroller of the city of New York—for the payment of the rebate alleged to be due upon the surrender of a liquor tax certificate issued to one Joseph F. Florence, relator's assignor.

The answer interposed to the petition, in effect, sets up as grounds for the denial of the motion, first, a conviction of an employé of said Florence, arising out of a violation of the provisions of the liquor tax law, by reason of the sale of liquors on Sunday, September 14, 1902, on the premises mentioned in the liquor tax certificate; and, secondly, a violation of subdivision "g," § 31, of the liquor tax law (1 Laws 1897, c. 312, p. 233), in "having open and unlocked a door and entrance from the street, alley, yard, hallway, room and adjoining premises to the room in said premises where liquors were sold," on said 14th day of September. The parties have stipulated, for the purposes of this motion, to concede that the foregoing allegations may be deemed true. It is admitted that the petitioner holds an assignment of the tax certificate; that the tax certificate was surrendered to the special deputy commissioner of excise, with a petition for the cancellation thereof, and for the payment of the rebate for the unexpired term; and that, in compliance with the provisions of the statute, the amount of rebate then due upon the certificate for the unexpired term was computed, and duplicate receipts therefor were issued. It also appears that in the printed form of application for a surrender of certificate prepared by the excise commissioner, and used in this case, there is a statement that the holder of the certificate "had not violated, nor been arrested nor indicted for violation of, the liquor tax law"; and the respondent contends that this statement, in view of the concession made in the stipulation, was false, and that the petitioner's claim to the rebate is thereby defeated. Section 25 of the liquor tax law provides that if a person—

"Holding a liquor tax certificate and authorized to sell liquors under the provisions of this act, against whom no complaint, prosecution, or action is pending on account of any violation thereof * * * and before arrest or indictment for a violation of the liquor tax law, cease to traffic in liquors during the term for which the tax is paid under such certificate, such * * * person * * * may surrender such tax certificate," etc.

Then follow the provisions, among others, following:

"If within thirty days from the date of the receipt of such certificate by the state commissioner of excise, the person surrendering such certificate shall be arrested or indicted for a violation of the liquor tax law, or proceedings shall be instituted for the cancellation of such certificate, or an action shall be commenced against him for penalties, such petition shall not be granted until the final determination of such proceedings or action, and if the said petitioner be convicted, or said action or proceedings determined against him, said certificate shall be cancelled and all rebate thereon shall be forfeited, but if such petitioner be acquitted and such proceedings or action against him be dismissed on the merits," then it is provided that the rebate shall be paid.

Section 34 of the liquor tax law expressly provides that two convictions of an employé of the holder of a liquor tax certificate shall deprive the principal "of any right to any rebate of any portion of the tax paid thereon."

Respondent argues that the conviction of the employé for a violation is equivalent to the conviction of the principal, and is sufficient to defeat the right to the rebate under section 25. A proper construction of a given provision of the liquor tax law requires a read-

ing of all parts of the act bearing upon the matters involved in such provision. The special provision of section 34, declaring not only a forfeiture of the certificate, but a deprivation of the right of the principal to a rebate in case of two convictions of a servant, would seem to show a clear intention not to deprive the right of the holder of the certificate in case of but one conviction of a servant; and this sufficiently explains why no special mention is made in section 25 to the case of a conviction of a servant, agent, bartender, or employé. If respondent's construction prevail, then what necessity was there for explicitly declaring in section 34 that the principal was not entitled to a rebate? It would have sufficed to have merely stated that the certificate was forfeited in case of two convictions, inasmuch as no rebate is allowed, under section 25, excepting upon a voluntary surrender of the certificate. As meaning should be given to the deliberate use of words in a statute, where possible, it would seem proper to hold that, if the law deliberately declares that two convictions of an employé will defeat the right to a rebate, it thereby intended to declare that said right shall exist in case of but one such conviction.

The respondent further contends that the petition upon the surrender of the certificate was false, in stating that the holder "had not violated the liquor tax law," in view of the concession by the stipulation of the truth of the allegation in the answer that a door was open and unlocked in violation of subdivision 2, § 31. The quotations from the liquor tax law, to which reference has been made, show that it is not necessary, in applications for a rebate, to state in the petition that the holder had not violated any of the provisions of the liquor tax law, and that it need only appear that "no complaint, prosecution, or action is pending on account of any violation," and that the holder of the certificate ceased trafficking in liquors under such certificate "before arrest or indictment for a violation of the liquor tax law." There was no action or proceeding brought for the violation alleged in the answer, and, as there is no warrant for reading into the act something which does not appear to have been contemplated by the lawmaking power, I am of opinion that it was not intended to take away the right to the rebate for a violation not judicially determined in accordance with the provisions of law. A peremptory writ should issue as prayed for, with costs.

Writ issued, with costs.